UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATAGON MANAGEMENT LLC,<br><br>         Plaintiff,<br><br>-against-<br><br>THE ARAGON ASSOCIATION, THE ARAGON SHIELD FOUNDATION, ARAGON X AG, and LUIS CUENDE,<br><br>         Defendants. | 24-cv-8290 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

  At a minute before midnight on November 2, 2024, a self-executing smart contract transferred the assets held at one blockchain-based wallet to another. *See* Dkt. 4 at 6. On October 31, 2024—two days before that contract was set to execute—Plaintiff Patagon Management LLC filed for a temporary restraining order (TRO) seeking to enjoin the transfer. Patagon argued that the transfer would allow defendants to dissipate the assets, which Patagon claimed defendants had stolen from it and others. *See* Dkt. 1 at ¶¶ 3, 37-46.

  The Court held a hearing on Patagon's proposed TRO on November 1, which counsel for defendant Aragon Shield Foundation attended. At that hearing, Aragon Shield argued that Patagon's TRO was neither feasible nor an emergency. The smart contract couldn't be stopped—so the assets were going to be moved regardless of the Court's decision—and the transfer had been public knowledge for nearly a year. *See* Aragon, *A New Chapter for the Aragon Project* (Nov. 2, 2023), https://blog.aragon.org/a-new-chapter-for-the-aragon-project/ (incorporated by reference in Patagon's complaint at Dkt. 1 ¶¶ 38 n. 45, 39 n. 48-50). The parties engaged in discussions to attempt to resolve their issues, and several hours after the hearing, Patagon withdrew its application for a TRO. *See* Dkt. 9.

  This case is now set to proceed. While the defendants have yet to be properly served, counsel for the Aragon Shield Foundation has appeared, the parties worked out an arrangement resolving the TRO, and the Court assumes that the parties will swiftly work out their service issues. So lead trial counsel and the principal decisionmaker for each side, including Patagon Management's CEO Diogenes Casares, are ORDERED to appear for an initial pre-trial conference on **November 14, 2024**, at **5:00 PM** in Courtroom 15A, 500 Pearl Street, New York, NY 10007. If this date is infeasible, the parties can suggest other available dates in November or December.

  **All counsel must familiarize themselves with the Court's Individual Practices, which are available at https://nysd.uscourts.gov/hon-arun-subramanian.** All parties are required to

register promptly as filing users on ECF. Absent leave of Court obtained by letter-motion filed before the conference, all pretrial conferences must be attended by the attorney who will serve as Lead Trial Counsel.

Counsel are directed to confer with each other prior to the conference regarding settlement and each of the other subjects to be considered at a Federal Rule of Civil Procedure 16 conference. Additionally, in accordance with Paragraph 4.D of the Court's Individual Practices, the parties are hereby ORDERED to file on ECF a joint letter, described below, as well as a proposed Civil Case Management Plan and Scheduling Order attached as an exhibit to the joint letter, no later than **Wednesday of the week prior to the conference date**. The parties shall use this Court's form Proposed Civil Case Management Plan and Scheduling Order, which is also available at https://nysd.uscourts.gov/hon-arun-subramanian. Any open legal issues can be addressed at the conference.

The joint letter shall not exceed three (3) pages, and shall provide the following information in separate paragraphs:

(1) A brief statement of the nature of the action and the principal defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;

(2) A brief explanation of why jurisdiction and venue lie in this Court. In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48 (2d Cir. 2000). If this information is lengthy, it may be included in an Appendix to the letter, not to be included in the page limit.

(3) A statement of all existing deadlines, due dates, and/or cut-off dates;

(4) A brief description of any outstanding motions;

(5) A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;

(6) A brief description of the status of prior settlement discussions, without disclosing exact offers and demands;

(7) A statement confirming that the parties have discussed the use of alternate dispute

> resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate; and

(8) Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

If this case has been settled or otherwise terminated, counsel are not required to submit such a letter or to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* https://www.nysd.uscourts.gov/electronic-case-filing.

In accordance with the Court's Individual Practices, requests for an extension or adjournment may be made only by letter-motion filed on ECF and must be received at least **48 hours** before the deadline or conference. The written submission must state (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (5) the date of the parties' next scheduled appearance before the Court. Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

**Counsel who have entered a notice of appearance as of the issuance of this order are directed (1) to notify counsel for all other parties in this action who have not yet appeared by serving upon each of them a copy of this order and the Court's Individual Practices forthwith, and (2) to file proof of such notice with the Court.** If unaware of the identity of counsel for any of the parties, counsel receiving this order must forthwith send a copy of this order and the Court's Individual Practices to that party personally.

Dated: November 4, 2024
       New York, New York

_____<br>
ARUN SUBRAMANIAN<br>
United States District Judge