December 4, 2024

**VIA ECF**

Hon. Arun Subramanian
500 Pearl Street
New York, NY 10007-1312

        RE:    *Patagon Management LLC v. The Aragon Association et al.*,
                  No. 1:24-cv-08290-AS (S.D.N.Y.)

Dear Judge Subramanian,

In compliance with Paragraph 4.D of the Court's Individual Practices and the Order dated November 4, 2024 (Dkt. No. 10), the parties hereby submit the following joint letter in advance of the initial pre-trial conference scheduled for December 11, 2024, at 1 pm Eastern (Dkt. No. 15). Defendants' participation in this submission is subject to and does not waive their contention that this Court lacks personal jurisdiction over them and is an improper forum for this dispute.

**Status of Service of Process.** Three of the four Defendants—Aragon Shield Foundation ("ASF"), Aragon X, and Luis Cuende (collectively, "Defendants")—have waived service and appeared. The Aragon Association ("AA") has not been served. The undersigned counsel for Defendants believe that AA cannot be served—and lacks any capacity to be sued—because AA was dissolved in accordance with Swiss law by June 30, 2024.[1] Counsel for ASF and Aragon X are prepared to provide additional information to the Court regarding AA's dissolution.

**Nature of the Action and Principal Issues**
**Plaintiff's position:** This dispute centers on Defendants' unlawful abscondment of tens of millions of dollars rightfully belonging to ANT holders. Defendants made a variety of representations to receive those assets and then systematically breached them while committing brazen acts of self-dealing. And Defendants' only real defense is to try to denigrate Plaintiff with irrelevant labels. The major legal and factual issues in this action include (i) the scope of the contractual and fiduciary duties owed by Defendants to ANT holders, including Plaintiff, (ii) Defendants' breaches of those duties in absconding with ANT holders' funds, (iii) the effect (or lack thereof) of unilateral agreements that Defendants created between them and ANT holders to try to escape their obligations, and (iv) AA's and Mr. Cuende's creation and use of Aragon X and ASF as vehicles to shield themselves so they could abscond with ANT holders' funds.

**Defendants' Position:** This dispute boils down to whether Patagon, a self-described "raider" that purchased ANT tokens on a secondary market in 2023, is entitled to take assets from Aragon's treasury. This is an individual claim for damages by a single ANT holder whose purported claim, if proven, would be worth less than $1 million.

---

[1] *See* https://www.uid.admin.ch/Detail.aspx?uid_id=CHE-189.769.924&lang=en.

In 2017, a public sale of ANT yielded the equivalent of approximately $25 million denominated in Ether ("ETH"). Some of the ETH collected was demarcated as being for a project "treasury," meaning it would be used in furtherance of the Aragon's mission, including to build DAO software and spread the adoption of online governance tools. In 2018, AA was established as the legal steward of the Aragon project, and the ETH allocated to the project treasury was transferred to AA's control. By the summer of 2023, Patagon, along with a small number of others, began a public campaign to attempt to pressure AA to transfer all treasury assets to the Aragon DAO, so that Patagon could propose a vote to effectively liquidate the treasury and transfer all treasury assets to ANT token holders, including Patagon. AA resisted this effort because it would have been inconsistent with the purpose of the project and AA's legal mandate and could have exposed AA and ANT token holders to liability and tax liabilities under Swiss law. After consultation with Swiss tax authorities and regulators, in November of 2023, AA announced the "Redemption Initiative" that is the subject of this case. Patagon redeemed the vast majority of its ANT tokens in the Redemption Initiative in November 2023 (*see* Compl. ¶ 41), and following this Court's October 31, 2024 TRO hearing, redeemed all but a small number of its remaining ANT tokens.

Defendants' position is that the Court lacks personal jurisdiction over them, and venue is improper in this court. Furthermore, Defendants will argue that Patagon agreed to exclusive jurisdiction in Swiss court via the terms of a clickwrap agreement it acceded to when it redeemed. Defendants will also file Rule 12(b)(6) motions, as the complaint fails to state any cognizable claims. Were the case to proceed to the merits, Defendants would contest the factual and legal bases of each claim.

**Jurisdiction and Venue.** Patagon asserts that "The Court has diversity jurisdiction under 28 U.S.C. § 1332 because this dispute is between citizens of a State and citizens or subjects of one or more foreign states, and the amount in controversy exceeds $75,000." Compl. ¶ 11. Defendants do not contest that this dispute is between citizens of a State and citizens or subjects of one or more foreign states, and the amount in controversy exceeds $75,000.

Patagon is a Delaware limited liability company whose sole member is a citizen of California. Compl. ¶ 6. Thus, for the purposes of diversity jurisdiction, Patagon is a citizen of the State of California. ASF is a Swiss Foundation (Stiftung), and Aragon X is a Swiss Stock Corporation, incorporated under Swiss law, with their principal places of business in Zug, Switzerland. Accord. Compl. ¶¶ 8, 9. Luis Cuende is a Spanish citizen and a resident of Portugal.

Defendants heavily dispute that this Court has personal jurisdiction or proper venue. Defendants will lay out their positions in detail in their forthcoming motions to dismiss, and are prepared to submit a pre-motion letter with a summary of their arguments if it would be helpful to the Court.

**Existing Deadlines / Outstanding Motions.** There are no outstanding motions as of the date of this letter. There are also no existing deadlines, due dates, and/or cut-off dates. Plaintiff does not presently intend to file an amended complaint. Consistent with Rule 4(d)(3), the parties have agreed to the following briefing schedule for Defendants' forthcoming motions to dismiss: moving papers by February 17, 2025; oppositions by April 3, 2025; replies by May 5, 2025. Given the complex issues in the case, Defendants may seek additional pages once drafting is

further along. Plaintiff does not believe additional pages are necessary but reserves the right to request the same for its opposition if Defendants bring such a request.

**Discovery.** No discovery has taken place. In light of significant and potentially dispositive threshold issues concerning venue and personal jurisdiction, as well as the complexity of obtaining discovery from Swiss entities, Defendants believe that undue burden can be avoided by deferring discovery until after resolution of Defendants' motions to dismiss. While Plaintiff disagrees with Defendants' position on venue and personal jurisdiction and disputes any alleged burden on Defendants with proceeding with discovery now, Plaintiff in the spirit of compromise has agreed to defer discovery until Defendants' motions to dismiss are filed. Upon reviewing those motions, Plaintiff has agreed to meet and confer with Defendants concerning any discovery it considers appropriate to undertake prior to resolution of the motions to dismiss, including jurisdictional discovery and/or merits-based discovery. Defendants disagree that any discovery is necessary or appropriate and reserve the right to move for a stay of discovery at that time and/or to oppose any requests for jurisdictional discovery, so that the Court will have the benefit of Defendants' motions in considering such requests. The parties therefore jointly request that the Court not set any discovery deadlines at this time and revisit the issue after Defendants file any motions to dismiss, and have filed a letter to the docket seeking that the Court hold in abeyance the requirement that the parties submit a proposed Civil Case Management Plan and Scheduling Order until such time as the Court deems appropriate (Dkt. No. 23).

**Settlement.** The parties have not engaged in meaningful settlement discussions and Defendants do not believe that any such discussions would be fruitful at this juncture. Plaintiff is willing to engage in settlement discussions.

**ADR.** The parties have discussed the use of alternative dispute resolution mechanisms. Plaintiff is prepared to proceed with settlement discussions and believes that such conversations could potentially be constructive. Defendants do not believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; or (c) retention of a privately retained mediator would be appropriate or would aid in the resolution of this matter at this time.

                                        Respectfully submitted,


/s/ John Hardin                         /s/ Gregory Mortenson
John Hardin                             Samson A. Enzer
**PERKINS COIE LLP**                    Gregory Strong (*pro hac vice* forthcoming)
500 N. Akard Street                     Gregory Mortenson
Suite 3300                              **CAHILL GORDON & REINDEL LLP**
Dallas, TX 75201                        32 Old Slip
Telephone: (214) 965-7717               New York, New York 10005
johnhardin@perkinscoie.com              Telephone: (212) 701-3708
                                        SEnzer@cahill.com
Emily Barbara Cooper                    GStrong@cahill.com
**PERKINS COIE LLP**                    GMortenson@cahill.com

1155 Avenue of the Americas
22nd Floor
New York, NY 10036
Telephone: (212) 261-6816
ecooper@perkinscoie.com

*Attorneys for Plaintiff Patagon Management LLC*

Michael Frisch (*pro hac vice* forthcoming)
**CROKE FAIRCHILD DUARTE & BERES LLC**
180 N LaSalle Street, Suite 3400
Chicago, IL 60601
Telephone: (312) 650-8650
mfrisch@crokefairchild.com

*Attorneys for Defendants The Aragon Shield Foundation and Aragon X AG*

/s/ David Kirk
David Kirk
**KIRK & INGRAM, LLP**
43 West 43rd Street, Suite 279
New York, NY 10036-7424
Telephone: (212) 859-3504
dkirk@kirkingram.com

*Attorneys for Defendant Luis Cuende*